UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JON RILURCASA,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-01568-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

Plaintiff Tom Jon Rilurcasa is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed February 10, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names seventeen Defendants, including the State of California, Warden Stu Sherman, medical doctors, registered nurses, and prison officials who reviewed his inmate grievances. Plaintiff contends that Defendants denied his adequate medical care, including surgery, low bunk/low tier chrono, medication for pain, and a right knee brace.

On October 8, 2014, Plaintiff was received at California Substance Abuse Treatment Facility, and State Prison, Corcoran for processing. After process, Plaintiff was sent to Facility A, Building 2 Pod 1, bunk 2 UP where he was housed for six years. Plaintiff was ultimately moved to other pods in the same building, and he is currently housed in Facility A, Building 4, Pod 4, bunk 4 LOW.

On May 4, 2019, Plaintiff injured his right knee. He made a twisting motion, and there was a painful pop and his right knee/leg collapsed. Plaintiff got up and tried to walk, but there was a painful grinding and his knee felt dislocated causing his leg to collapse. Plaintiff reported the incident to the medical department and an x-ray was scheduled.

On May 6, 2019, Plaintiff attempted to climb on the top bunk and his right knee popped, and he fell to the floor causing other inmates to yell man down.

On May 8, 2019, Plaintiff had an x-ray and during the medical interview he was advised that his right knee is normal. Plaintiff explained that he still in extreme pain, his right knee feels loose, and there is grinding.

On May 27, 2019, Plaintiff filed a healthcare grievance, Log No. SATF-HC-19000749, raising his concerns about his basic medical care and requested surgery on his right knee. Plaintiff's grievance was denied at the institutional level on July 31, 2019. Plaintiff then submitted the grievance to the health care grievance office, and the grievance was denied at the headquarters level on November 7, 2019.

The headquarters' response stated, in pertinent part, as follows:

> You saw your primary care provider on October 17, 2019, to discuss your MRI results. The imaging showed a ruptured anterior curiae ligament (ACL). You were encouraged to continue the home exercise program and avoid strenuous exercise. A request for services order for Orthopedic Surgery was completed and subsequently approved. If the appointment does not take place within the timeframes outlined in the Health Care Department Operations Manual, Health Care Definitions, you may discuss your concerns with health care staff by utilizing the approved processes to access health care services in accordance with California Correctional Health Care Services policy.

(Am. Compl. at 48-49.) Plaintiff contends it has been about a year from the time that medical ordered his surgery which demonstrates deliberate indifference to his serious medical needs.

On September 8, 2020, Plaintiff filed inmate grievance, Log No. SATF-HC-20001447, and requested surgery on his right shoulder. Plaintiff injured his right shoulder on September 8, 2020, and an MRI revealed a tear. The doctor ordered a change in exercise and physical therapy for three months. Plaintiff contends he already had a rotator cuff tear in his right shoulder and suffered a

3

significant amount of pain.  Plaintiff does not need to go to physical therapy and instead needs to see a doctor.

On September 23, 2020, Log No. SATF-HC-20001447 was cancelled at the headquarters' level because it did not comply with the applicable regulations.  Plaintiff contends it has been about five years since his surgery was ordered.

## III.
## DISCUSSION

### A.     Eleventh Amendment

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief."  Brooks, 951 F.2d at 1053; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365 (1990).  Here, Plaintiff has named state agencies as Defendants, which are immune under the Eleventh Amendment.

However, with regard to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from retrospective claims for relief (including monetary damage claims), but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169–70 (1985); Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U.S. 123(1908).

### B.     Official Capacity Suits

Plaintiff sues all Defendants in both their individual and official capacities. "Suits against state officials in their official capacity ... should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation

4

1 omitted).  Such a suit "is not a suit against the official personally, for the real party in interest is the
2 entity." Id. at 166.

3     "The Eleventh Amendment bars suits for money damages in federal court against a state, its
4 agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488
5 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against all of the
6 named Defendants in their official capacity is barred by the Eleventh Amendment.

7     However, a claim for prospective injunctive relief against a state official in his or her official
8 capacity is not barred by the Eleventh Amendment provided the official has authority to implement the
9 requested relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 92 (1989). Moreover, "[a]
10 plaintiff seeking injunctive relief against the State is not required to allege a named official's personal
11 involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v.
12 Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013); see also Rouser v. White, 707 F.
13 Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking
14 implementation of CDCR policy is the CDCR Secretary in his official capacity). Instead, Plaintiff
15 need only identify the law or policy challenged as a constitutional violation and name the official or
16 officials within the entity who is or are alleged to have a "fairly direct" connection with the
17 enforcement of that policy, see Ex Parte Young, 209 U.S. 123, 157 (1908), and can appropriately
18 respond to injunctive relief. Hartmann, 707 F.3d at 1127 (citation omitted); see also Pouncil v. Tilton,
19 704 F.3d 568, 576 (9th Cir. 2012).

20     In this case, Plaintiff has not alleged that a law, policy, or custom caused a violation of his
21 constitutional rights.  Accordingly, Plaintiff has failed to state a cognizable official capacity claim
22 against any named Defendant.

23     **C.**    **Warden Stu Sherman**

24     Under section 1983, Plaintiff must prove that the defendants holding supervisory positions
25 personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
26 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own
27 misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his
28 or her subordinates only if he or she "participated in or directed the violations, or knew of the

5

violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Although Plaintiff contends that Warden Sherman reviewed his healthcare appeal, he fails to demonstrate how and the grievances responses attached to the complaint indicate otherwise. Plaintiff's complaint is otherwise void of any allegations supporting the existence of a supervisory liability claim against Warden Sherman. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Warden Sherman.

**D.    Deliberate Indifference to Serious Medical Need**

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to her health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). A deliberate indifference claim has both a subjective and an objective element. Helling v. McKinney, 509 U.S. 25, 35 (1993); Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014)); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 83; Frost, 152 F.3d at 1128.

To meet the objective element of the deliberate indifference standard, a plaintiff must demonstrate the existence of a serious risk to his health or safety. Helling, 509 U.S. at 35; Colwell, 763 F.3d at 1066. A prison official is deliberately indifferent under the subjective element of the test only if the official "knows of and disregards an excessive risk to inmate health and safety." Colwell, 763 F.3d at 1066. The subjective component requires the plaintiff to show that the official knew of and disregarded the substantial risk of harm. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002.) Deliberate indifference requires more than just a lack of due care, the prison official must be both aware of the facts from which an inference can be drawn that the substantial risk of serious harm exists and he must also draw the inference. Colwell, 763 F.3d at 1066. The subjective element focuses on the defendant's state of mind. Toguchi, 391 F.3d at 1057.

Plaintiff's medical claim concerns the alleged delay in receiving surgery ordered on his right shoulder and right knee.

With regard to Defendants Ryan Kim, Bernard Brown, Martin Lawfik, Bruce Troup, Griffith Eleonor, Mbadugha Chika, and Oberst David, Plaintiff alleges that he/she "is responsible for all medical decisions that the defendant makes for all I/M's under defendant care. Defendant reviewed plaintiff Rilurcasa Tom Jon's medical records, and after review in plaintiff's medical records, the defendant did willingly show deliberate indifference to plaintiff's serious medical need in that the defendant ignored plaintiff's medical record that clearly showed that plaintiff's knee and shoulder were damaged and plaintiff was still is in serious pain. In addition, because of the defendant's in action [sic] it caused further damaged [sic] to the plaintiff's injuries in plaintiff's right knee and right shoulder. . . . " (Am. Compl. at 12-28.)[1] In addition, Defendants did not provide Plaintiff with pain medication or surgery for his right knee and right shoulder. (Id.)

With regard to Defendant Ratliff Angela, Plaintiff alleges that she is "responsible for all medical decision that the defendant made for all I/M's under the defendant's medical care. The defendant reviewed plaintiff Rilurcasa medical file after doing examination and after nothing [sic] the

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

7

1  damage to plaintiff's right knee and right shoulder, the defendant did willfully show deliberate
2  in[]difference to plaintiff's serious medical needs." (Am. Compl. at 28.)  In addition, Defendant did
3  not provide Plaintiff with pain medication or surgery for his right knee and right shoulder.  (Id. at 30.)
4      With regard to Defendants Fajardo Grace and Roberts Danyelle, Plaintiff alleges he/she "is
5  responsible for all medical decisions that the defendant made for all I/M's under the defendant's
6  medical care.  The defendant reviewed plaintiff Rilurcasa medical rile after doing examination and
7  after not[]ing the damage to plaintiff's right knee and right shoulder, the defendant did willfully show
8  deliberate in[]difference to plaintiff's serious medical need. In that the defendant plaintiff [sic] and his
9  medical records and refused to properly treat the damage to plaintiff's right knee and right shoulder
10  which has left the plaintiff in serious pain for many months now.  Furthermore, because of the
11  defendant in action [sic], it caused further damage to the plaintiff's right knee and right shoulder. . . "
12  (Am. Compl. at 31-35.)  In addition, Defendants did not provide Plaintiff with pain medication or
13  surgery for his right knee and right shoulder.  (Id. at 32, 34.)
14      With regard to Defendants Moreno Estere, S. Gome, and D. Roberts, Plaintiff alleges that
15  he/she "is responsible for the physical therapist of all I/M's under her care.  The defendant reviewed
16  plaintiff's medical rile and question plaintiff about how much pain plaintiff was in.  Plaintiff told
17  defendant repeatedly that plaintiff did not want to work out because plaintiff's right knee and right
18  shoulder were in causing [sic] plaintiff a lot of pain, but the defendant kept telling him to work out
19  anyway.  The defendant actions showed willfully deliberate in[]difference to plaintiff's serious
20  medical need.  In the defendant, forced plaintiff to work out even though it was causing plaintiff pain
21  caused further damage to plaintiff's right knee and right shoulder." (Am. Compl. at 35-42.)  In
22  addition, Defendants failed to provide Plaintiff with pain medical or surgery for his right knee and
23  right shoulder.  (Id. at 36, 39, 41.)
24      With regard to Defendant C. Cryer and S. Gates, Plaintiff alleges he/she "is responsible for all
25  the medical appeals under his/her preview, and all I/M's under his/her care.  [Defendants] reviewed
26  plaintiff's medical file and appeal.  Thus, the [Defendants] knew all the case factors regarding
27  plaintiff's serious medical condition and his need for immediate medical care, but [Defendants]
28  willfully refused to make an appellant ruling that would give plaintiff the opportunity to be properly

treated. Thus, [Defendants] inaction showed willfully [sic] deliberate indifference to plaintiff's serious medical need. Causing plaintiff undo pain and suffering, causing further damage to plaintiff's right knee and right shoulder." (Am. Compl. at 42-45.)

Although it appears that a request for orthopedic surgery was approved, there are insufficient factual allegations to demonstrate how or why any of the named Defendants acted with deliberate indifference to his medical needs. Plaintiff's allegations are conclusory in nature and devoid of factual details to each Defendants actions and/or inactions. Plaintiff has simply failed to demonstrate that any Defendant denied Plaintiff's treatment or acted with a culpable mental state. While Plaintiff alleges he was denied pain medication and/or surgery, he fails to demonstrate that any Defendants made a conscious decision in disregard to a substantial risk to his medical condition. In addition, Plaintiff's mere disagreement with a Defendants' professional medical decision is nothing more than a difference of opinion as to the appropriate course of treatment. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

### E. Violation of California Government Code Section 845.6

Plaintiff contends that Defendants violated California Government Code Section 845.6.

Section 845.6 provides, in pertinent part, as follows:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Gov't Code § 845.6. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim, and action on or rejection of

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Liability to public entities and public employees under Section 845.6 is "limited to serious and obvious medical conditions requiring immediate care." Lucas v. Cty. of Los Angeles, 47 Cal. App. 4th 277, 288 (1996). "[S]ection 845.6 creates out of the general immunity a limited cause of action against a public entity for its employees' failure to *summon* immediate medical care only .... The statute does not create liability of the public entity for malpractice in furnishing or obtaining that medical care." Castaneda v. Dep't of Corrs. & Rehab., 212 Cal.App.4th 1051, 1070 (2013) (emphasis in original); Frary v. Cty. of Marin, 81 F. Supp. 3d 811, 842 (N.D. Cal. 2015).

Here, Plaintiff has not alleged that he complied with the Government Claims Act. Nowhere in the complaint does Plaintiff al that he filed any written claim with the appropriate public entity related to Defendants' alleged denial of medical attention. Because the presentation of a written claim to the public employer is a prerequisite to bringing this state law cause of action, see Mangold, 67 F.3d at 1477, this claim must be dismissed. Further, there are insufficient allegations to support a reasonable inference that any named Defendant failed to summon immediate medical care for Plaintiff. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### F. Equal Protection Clause

Plaintiff makes the vague assertion that Defendants violated the Equal Protection Clause.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff

must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's allegations are not sufficient to state an equal protection claim. Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class or that he was intentionally treated differently than other similarly situated inmates without a legitimate state purpose. Accordingly, Plaintiff fails to state a cognizable equal protection claim.

### G.     Leave to Amend

Because Plaintiff has had two opportunities draft a viable complaint, and his current complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. Zucco Partners v. LLC. v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (quotations and citations omitted). Therefore, the Court recommends that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 14, 2021**

UNITED STATES MAGISTRATE JUDGE