## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JON RILURCASA,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN,<br><br>    Defendant. | Case No. 1:20-cv-01568-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>(ECF No. 40) |

Plaintiff Tom Jon Rilurcasa is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for entry of default, filed December 27, 2022 (entered on December 28, 2022).  (ECF No. 40.)

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment

may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a).

Here, Defendant filed a timely response to the operative complaint (after requesting and receiving an extension of time), on November 28, 2022. (ECF No. 38.) Because Defendant timely filed a responsive pleading to the complaint there is no basis for entry of default and Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: **December 29, 2022**

UNITED STATES MAGISTRATE JUDGE