# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JON RILURCASA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:20-cv-01568-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A SURREPLY<br><br>(ECF No. 52) |

Plaintiff Tom Jon Rilurcasa is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to file a surreply, filed May 10, 2023. Plaintiff's motion is both moot and unnecessary.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse

1 discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

On May 2, 2023, Findings and Recommendations were issued recommending denial of Defendants' motion to dismiss. (ECF No. 49.) Accordingly, Plaintiff's motion to file a surreply is denied as moot and unnecessary.

IT IS SO ORDERED.

Dated: **May 11, 2023**

UNITED STATES MAGISTRATE JUDGE