UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JON RILURCASA,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No.  1:20-cv-01568-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND INTERPRETER<br><br>(ECF Nos. 57, 58) |

Plaintiff Tom Jon Rilurcasa is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for a settlement conference on September 28, 2023, before Magistrate Judge Barbara A. McAuliffe.

Currently before the Court are Plaintiff's motions for appointment of counsel, filed July 19, 2023 and July 28, 2023.  (ECF Nos. 57, 58.)  Plaintiff submits that he is deaf and is in need of a sign language interpreter to participate in the scheduled settlement conference.  Plaintiff further claims that an interpreter provided by CDCR will be favorable for the defense.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section

1

1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Here, the record demonstrates that Plaintiff has been able to articulate his claims and litigate this action, having several documents with the Court, including two amended complaints and an opposition to the motion to dismiss. (ECF Nos. 11, 21, 47.) While the Court acknowledges the difficulties Plaintiff's limitations may pose for him in this action, Plaintiff has not shown extraordinary circumstances for appointment of counsel in order to retain a sign language interpreter as it clear from Plaintiff's most recent filing that an interpreter has been provided by CDCR. (ECF No. 58 at 2.) Plaintiff's speculation that the interpreter is somehow biased because he works for CDCR is unfounded and there is no evidence to support such allegation. Accordingly, Plaintiff's motions for appointment of counsel and an interpreter are DENIED.

IT IS SO ORDERED.

Dated:  **August 9, 2023**

UNITED STATES MAGISTRATE JUDGE