UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JON RILURCASA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-01568-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL AND INTERPRETER<br><br>(ECF No. 61) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third motion for appointment of counsel, filed September 14, 2023. Plaintiff submits that he suffers from a learning disability and is not able to articulate his complex legal claims. Plaintiff also claims that he is need of a sign language interpreter.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Here, the record demonstrates that Plaintiff has been able to articulate his claims and litigate this action, having several documents with the Court, including two amended complaints and an opposition to the motion to dismiss, even if he did so with the assistance of another inmate. (ECF Nos. 11, 21, 47.) While the Court acknowledges the difficulties Plaintiff's limitations may pose for him in this action, Plaintiff has not shown extraordinary circumstances for appointment of counsel in order to retain a sign language interpreter as it clear from Plaintiff's July 28, 2023 filing that an interpreter has been provided. (ECF No. 58 at 2.) Plaintiff's speculation that the interpreter is somehow biased because he works for CDCR is unfounded and there is no evidence to support such allegation. Accordingly, Plaintiff's third motion for appointment of counsel and an interpreter is DENIED.

IT IS SO ORDERED.

Dated: **September 15, 2023**

UNITED STATES MAGISTRATE JUDGE